IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PETER J. SBARRA,

    Petitioner,

vs.                                          Case No. 4:09cv296-RH/WCS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

This 28 U.S.C. § 2254 proceeding is before the court on order of transfer from the Middle District of Florida. Doc. 4. The case was transferred sua sponte, "[i]t appear[ing] from the record that the judgment of conviction against which relief is sought was entered by the Court, in and for Leon County, Florida." *Id.* Following transfer, counsel for Petitioner was notified that he must be admitted to the bar of this court. Doc. 8. The clerk advises that counsel was admitted on September 8, 2009.

On the § 2254 petition itself, the "name and location of court that entered the judgment of conviction" was identified as the Second Judicial Circuit, Leon County Florida, case 2004-CF-1382. Doc. 1, p. 1. It appears, however, that Petitioner is

actually in custody pursuant to a judgment out of Lee County, Florida. See doc. 2 (appendix), p. 1. This is confirmed by reference to the website maintained by the Florida Department of Corrections (hereafter DOC).

The case identified out of Leon County was a petition for writ of mandamus, challenging a disciplinary report which had resulted in the loss of 60 days gain time. *Id.*, p. 2 (identifying the case number as 2004-CA-1382).[1] After relief was denied in that case Petitioner alleges he filed a motion for rehearing from denial of his motion for order of insolvency on appeal. *Id.*, p. 3. He filed three additional documents "attempting to get the Court to either rule on the Motion for Rehearing or find out what happened to" that motion. *Id.* Based on the filings in the civil case the state court issued an order to show cause, referencing Fla. Stat. § § 57.085(9), 68.093(2)(d), and 944.279. *Id.*, pp. 3-6, 13-15.[2] The court found sanctions were appropriate and its order was referred to the DOC. *Id.*, pp. 3-6. Relying on the order, the DOC forfeited 3,791 days of gain time. *Id.*, p. 6. Petitioner asserts that he exhausted administrative remedies and sought judicial review. *Id.*, pp. 6-7.

It does not appear that Petitioner is "in custody" pursuant to the order of the Second Circuit Court in Leon County. The DOC took Petitioner's gain time as a

---

[1] The case was filed in Leon County (rather than the county in which Petitioner was incarcerated or convicted). Leon County is the proper venue for a state court petition for writ of mandamus seeking gain time from the DOC, under the "home venue privilege" of the DOC. *See, e.g.*, Stovall v. Cooper, 860 So.2d 5, 8 and n. 3 (Fla. 2d DCA 2003) (collecting cases from the First, Third, Fourth and Fifth Districts).

[2] The court does not have the state court documents in the file, but Petitioner quotes and paraphrases from those documents. At p. 4 he claims the court cited § 57.05 (rather than 57.085), but this is presumably in error; § 57.05 was repealed in 1965.

sanction based on the court's findings, but it was not required to do so and the court could not direct it to do so.  *See, e.g.,* Hall v. State, 752 So.2d 575 (Fla. 2000) (statute does not grant court the authority to direct DOC to impose a particular sanction).

Petitioner is currently incarcerated at Marion Correctional Institution, and is serving a sentence imposed in Lee County.  Jurisdiction is appropriate in Middle District, as the district of both confinement and conviction.  28 U.S.C. § 2241(d).    It is therefore respectfully **RECOMMENDED** that this cause be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on October 7, 2009.

  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**