# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

PETER J. SBARRA,

        Petitioner,

v.                              CASE NO.  4:09cv296-RH/WCS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

_____/

## ORDER FOR TRANSFER

This case is before the court on the magistrate judge's report and recommendation (document 9).  The recommendation is for transfer of the case to the Middle District of Florida.  No objections have been filed.  This order accepts the recommendation and transfers the case.

I

The petitioner Peter J. Sbarra was convicted and sentenced in a state court in Lee County, Florida.  Lee County is within the geographic bounds of the United States District Court for the Middle District of Florida.  Mr. Sbarra is incarcerated in a state facility that also is in the Middle District of Florida.

The state has revoked more than 10 years of gain time that Mr. Sbarra otherwise would be entitled to. The disciplinary proceeding that led to the revocation presumably occurred at the facility where Mr. Sbarra is being held—that is, within the Middle District of Florida. *See* Fla. Admin. Code Ann. r. 33-601.307(1)(b) ("The inmate charged shall be present at the disciplinary hearing . . . ."); *id.* r. 33-601.312(1) ("Disciplinary hearings through telephone or video communication are authorized in the event an inmate has been transferred to another facility and a disciplinary hearing is pending.").

Mr. Sbarra filed this habeas petition challenging the revocation of gain time. He filed the petition in the United States District Court for the Middle District of Florida. That court transferred the case here—to the Northern District of Florida. The magistrate judge has recommended that it be transferred back.

## II

A state prisoner may file a habeas petition in the district where he was convicted and sentenced or in the district where he is incarcerated. *See* 28 U.S.C. § 2241(d). Mr. Sbarra was convicted and sentenced in the Middle District, and he is incarcerated there. Under the plain terms of the statute, the case may proceed only in the Middle District.

Cases holding that a habeas petition may be filed only in the district of conviction or incarceration—not in a district where disciplinary proceedings were

conducted or discipline was imposed—include *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000), and *Gallagher v. Day*, 107 F. App'x 402 (5th Cir. 2004). In each of those cases, the court held that a habeas petition challenging a gain-time decision could *not* go forward in the district where the decision was made. *See also Carmona v. Andrews*, 357 F.3d 535, 539 (5th Cir. 2004) (holding that a habeas petition challenging the revocation of parole could not go forward in the district where parole was revoked).

Moreover, even if a habeas petition challenging a gain-time revocation could go forward in the district where the disciplinary proceedings were conducted and gain time was revoked, it would not matter, because the Middle District also is the place where Mr. Sbarra's disciplinary proceedings were conducted and his gain time was revoked. The revocation decision may have been reviewed at the headquarters of the Department of Corrections, which are within the Northern District, but that is too slender a reed to allow a habeas petition to go forward here.

III

The Middle District's transfer order took issue with none of this analysis. It relied instead on a different connection between this case and the Northern District. While in custody in the Middle District, Mr. Sbarra filed a proceeding in a state court in Leon County. Leon County is in the Northern District.

Under Florida Statutes § 944.279, a court may find that a prisoner brought a

frivolous or malicious action or provided the court with false information or evidence. The statute requires the finding to be forwarded to the "appropriate institution or facility for disciplinary procedures." Fla. Stat. § 944.279(1). Citing this provision, the state court in Leon County forwarded findings to the "appropriate institution or facility"—within the Middle District. The institution brought the disciplinary proceedings that resulted in the gain-time revocation that Mr. Sbarra now challenges in this federal habeas proceeding.

It was not the state court in Leon County that revoked the gain time. This is not a habeas proceeding challenging a conviction or sentence imposed by the court in Leon County. The case cannot proceed in the Northern District.

## IV

A final note is in order. Great reluctance should and does attend this decision to transfer a case back to the court that already transferred it here. The Middle District's transfer order is understandable; parts of the petition seem at first blush to challenge the decision of the state court in Leon County. But that court did not impose the sentence or revoke the gain time. As the district of conviction and incarceration—and the district where the disciplinary proceedings were conducted and the gain time was revoked—the Middle District is the only district where this case may properly go forward. Accordingly,

IT IS ORDERED:

The recommendation is ACCEPTED.  This case is transferred to the United States District Court for the Middle District of Florida.  The clerk must take all steps necessary to effect the transfer.

SO ORDERED on December 1, 2009.

s/Robert L. Hinkle
United States District Judge